An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID ALAN MURRAY,
Appellant,
vs.
SHARON ANN MURRAY,
Respondent.

No. 64935

**FILED**

NOV 1 7 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court divorce decree. Fourth Judicial District Court, Elko County; Alvin R. Kacin, Judge.

In this appeal, David argues that the district court abused its discretion in (1) awarding Sharon $1,000 in monthly alimony, (2) awarding Sharon $7,500 in attorney fees, and (3) accelerating Sharon's entitlement to his retirement benefits, because substantial evidence does not support these decisions.

We first conclude that the district court did not abuse its discretion in awarding Sharon $1,000 in monthly alimony. *See Schwartz v. Schwartz*, 126 Nev. 87, 90, 225 P.3d 1273, 1275 (2010) (concluding that we review a district court's award of alimony for an abuse of discretion). The district court considered the factors set forth in *Schwartz* and found that $1,000 was "just and equitable." *See* NRS 125.150(1)(a), *amended on other grounds* by 2015 Nev. Stat., ch. 170, § 4, at 792. We conclude that substantial evidence supports the district court's findings.

We next conclude that the district court did not abuse its discretion in awarding Sharon $7,500 in attorney fees. *See Love v. Love*, 114 Nev. 572, 581-82, 959 P.2d 523, 529 (1998) (concluding that we review a district court's award of attorney fees for an abuse of discretion). We conclude that the district court's award of attorney fees was appropriate,

SUPREME COURT
OF
NEVADA

(O) 1947A

15-35070

especially considering that David used at least some community property to pay his own attorney's $20,000 retainer—making the award here reasonable under NRS 125.150(1)(a)(3).

Finally, we conclude that the district court did not err in accelerating Sharon's entitlement to David's retirement benefits. This court has repeatedly held that a spouse is entitled to the other spouse's retirement benefits as soon as the latter spouse is eligible to retire. *See Sertic v. Sertic*, 111 Nev. 1192, 1194, 901 P.2d 148, 149 (1995) ("If [the wife] does not elect to retire when she first becomes eligible, she shall be obligated to pay to [the husband] what he would have received if she had retired."); *Gemma v. Gemma*, 105 Nev. 458, 464, 778 P.2d 429, 432 (1989) ("The district court here properly ordered that [the wife] may elect to receive pension benefits at the time they become due and payable, this being defined in the divorce decree as the time when [the husband] is first eligible to retire."). Accordingly, we[1]

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[1]We have considered the parties' remaining arguments and conclude that they are without merit.

cc:    Hon. Alvin R. Kacin, District Judge
Carolyn Worrell, Settlement Judge
Kenneth J. McKenna
Law Offices of Lisa K. Mendez
Elko County Clerk